## Case No. 9,264.

### MASSOLETTI v. MILLER.

[2 Cranch. C. C. 313.] 1

Circuit Court, District of Columbia. May Term, 1822.

WITNESS—INTEREST—JOINT OWNER OF VESSEL—PASSAGE MONEY—INDEMNITY GIVEN.

One of two joint owners of a vessel is a competent witness to prove a joint claim against a passenger in the vessel, for the passage-money, if the other joint owner has given credit in account for his share of the passage-money, and a release of a claim to recover it back in case he should not get it from the passenger.

This was an action for money had and received by the defendant, for goods of the plaintiff sold by the defendant on commission. The defendant claimed to set off the amount of passage-money due by the plaintiff to the defendant, and one Howland, who were joint owners of the brig Benefactor, for the plaintiff's passage from Marseilles; and to prove this set-off, the defendant offered the other joint owner, Howland, as a witness, the defendant having credited him in account with his share of the passage-money, and given him a release from all claims which he might have to recover it back from Howland, in case the defendant should fail to get it from the plaintiff.

THE COURT (THRUSTON, Circuit Judge, contra) decided that the witness was competent.

MAST (INGELS v.). See Cases Nos. 7,033 and 7,034.

## Case No. 9,265.

### In re MASTBAUM.

[2 Wkly. Notes Cas. 479.]

District Court, E. D. Pennsylvania. June 23, 1875.

BANKRUPTCY—LAST EXAMINATION—EXEMPTION—14TH SECTION OF ACT.

The exemption under 14th section of bankrupt act [of 1867 (14 Stat. 522)], not allowable until after bankrupt has passed his last examination.

This was an issue certified to the court upon an exception to the ruling of the register (Davis).

The bankrupt applied to the assignee for the exemption provided for in the 14th section of the bankrupt act. The assignee refused to allow the exemption on the ground that the bankrupt had not yet made a satisfactory surrender of his property.

The question having been submitted to the register, he reported the fact to the court, together with his opinion thereon, to which the bankrupt excepted.

Mr. Cutler for exceptant, argued that the bankrupt had been very fully and extensively

examined, although he had not yet passed his last examination.

Mr. Huey, contra.

THE COURT (CADWALADER, District Judge), dismissed the exception, holding that the bankrupt was not entitled to the exemption allowed in the 14th section of the bankrupt act until after he had passed his last examination, where a doubt existed as to whether he had made full disclosures of all his property in his schedules.